IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHARON D. L.,[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 23-2345-JWL |
| **MARTIN O'MALLEY,**[2] | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI)[3] benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On December 20, 2023, Mr. O'Malley was sworn in as Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. O'Malley is substituted for Acting Commissioner Kilolo Kijakazi as the defendant.  Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

[3] Plaintiff alleges this case "involves a claim for Supplemental Security Income Benefits (SSI)" (Pl. Br. 1) but she applied only for SSDI benefits (R. 17, 218-21) and makes no claim or argument that the Commissioner failed to consider her for SSI benefits.

that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

I. **Background**

Plaintiff protectively filed an application for SSDI benefits on March 5, 2021. (R. 17, 215). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims, "The ALJ Did Not Consider and Determine Whether Plaintiff Established a Pain-Producing impairment and if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling." (Pl. Br. 14, no. 2) (bold omitted). She goes on to claim, "The ALJ's statements that [her] general allegations are not supported by the record are insufficient to satisfy the articulation requirements." Id. at 16, no 3 (bold omitted, brackets in original).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The court addresses the errors alleged in Plaintiff's Social Security Brief.

**II.   Discussion**

Plaintiff claims, "The ALJ Did Not Consider and Determine Whether Plaintiff Established a Pain-Producing impairment and if so, whether, considering all the evidence,

both objective and subjective, the claimant's pain was in fact disabling." (Pl. Br. 14, no. 2) (bold omitted).  She argues, "the ALJ never even admitted that the Plaintiff has Pain.  In fact, the ALJ spends most of his time discounting Plaintiff's allegation and disagreeing with the Plaintiff's testimony that her impairments render her unable to perform work at the Light exertional level." Id. 15 (capitalization in original).

Plaintiff goes on to claim, "The ALJ's statements that [her] general allegations are not supported by the record are insufficient to satisfy the articulation requirements." Id. at 16, no 3 (bold omitted, brackets in original).  She argues:

> the ALJ never explains which of Plaintiff's symptoms he found consistent or inconsistent with the evidence in [] her record and how his evaluation of Plaintiff's symptoms led to his conclusions.  He does not identify which support his decision and conclusion.  Rather, the ALJ's analysis consist of a compendium of conclusions that he has "picked and chosen" from the record.

Id. (citing Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004)).

### A.     The ALJ's Findings Regarding Plaintiff's Allegations

The ALJ stated he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (R. 22).  He stated the standard for evaluating a claimant's allegations of symptoms, id., and summarized Plaintiff's allegations:

> The claimant testified that her RA keeps her from working.  She has pain and swelling in her hands, fingers, wrists, and elbows, but mostly her hands.  The pain is constant but overuse of her hands make it worse.  She is unable to type anymore.  She could "hunt and peck" with her right hand, but would need to stop after five to ten minutes.  She would struggle to pick up paper clips or pennies with her right hand and she would not be able to

>pick them up with her left hand.  On an average day, she may be able to pick up a highlighter or cell phone with her right hand. Her right shoulder will lock up at times.  She cannot lift her right arm all the way.  She has constant pain in her neck and back.  She can stand 10-15 minutes and sit 10-20 minutes.  Pain in her neck cause problems with arms [sic].  Her left arm goes numb and she gets a "dead arm" about three times a year for about a week at a time.  The pain interferes with her ability to sleep.  She gets brain fog which causes problems with paying attention.  She is not able to cook or clean or do yardwork.  She can throw a load of clothes in the washing machine but her daughters unload and fold the clothes because she cannot grip.  She spends a lot of time in the recliner with the hearing [sic] pad.  She gets up and moves around a little, and she rests a lot.  She takes naps two or three times a day for 20 minutes to an hour.  She cannot be on her feet much.  She spends more than half the day in the recliner and gets up to move around every 20 minutes or so.

(R. 22-23).  The ALJ found

>the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Id. 23.

The ALJ then cited at least fifteen inconsistencies he found between Plaintiff's allegations of disabling symptoms and the record evidence.  He noted an examination in February 2020 was fairly unremarkable, that Plaintiff reported her joint pain was better in March 2020 even though she had been off methotrexate for four weeks, and Plaintiff stated she felt "pretty good" in May 2020 and had started a new job which was keeping her busy.  Id.  He noted an examination in September 2020 revealed no swollen joints and Plaintiff indicated "her hands were no worse than they were a year prior," id., in January 2021 Plaintiff reported "she had no major swollen painful joints except her right thumb," and examination revealed "no focal deficits and motor function and sensory examination

6

were intact." (R. 23). In April 2021 Plaintiff had no tender or swollen joints. Id. 24. He found that despite having to discontinue some medications because of side effects, "examination findings do not support disabling limitations." Id. He found treatment for neck, back, and shoulder pain had been conservative; and Plaintiff had shown improvement with physical therapy. Id.

The ALJ noted inconsistencies between Plaintiff's allegations and the report of examination by nurse-practitioner, Ms. Denson. He noted despite Plaintiff's allegations of limitations and inabilities to grasp with her dominant left hand, Ms. Denson reported she was "able to pinch, grasp and manipulate small and large objects and make a fully closed fist and fully oppose her fingers." (R. 24) (citing R. 781). He noted Plaintiff's alleged inability to do yardwork was contradicted by her treatment in August 2020 for contact dermatitis after doing yardwork, and other allegations of limited daily activities were inconsistent with her report of looking for a job in March 2020. Id. He noted that despite Plaintiff's allegations of debilitating joint pain imaging studies in September 2019 and August 2022 were "generally unremarkable," and "demonstrated nominal to normal findings," respectively. Id. Finally, he noted that despite alleging "brain fog," Plaintiff "does not take medication for this, nor does she take psychotropic medication or receive treatment from a mental health professional." Id. 25.

The ALJ explained the basis for finding Plaintiff's RFC limitations:

The evidence does show that the claimant has impairments that would reasonably result in some limitations, but those limitations would not preclude work within the determined residual functional capacity. The undersigned has considered the claimant's degenerative disc disease, RA, and osteoarthritis of the right shoulder in limiting her to work of light

7

>exertion with frequent, but not constant, climbing, stooping, crouching, kneeling, and crawling.  Given the claimant's shoulder osteoarthritis, she is limited to frequent overhead reaching on the right.  The evidence does not support the presence of additional postural, environmental, manipulative, communicative or other physical non-exertional limitations appreciably restricting the range of light work.

(R. 25).

## B.     Standard for Evaluating a Claimant's Allegations of Symptoms

The Tenth Circuit has explained the analysis for considering subjective allegations regarding symptoms.  Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain).

>A claimant's subjective allegation of pain is not sufficient in itself to establish disability.  Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain.  This court has stated:  The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating a claimant's allegations of symptoms, the court has recognized a non-exhaustive list of factors which should be considered.  Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  These factors include:

>the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and

8

>relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).[4]

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegations of symptoms which overlap and expand upon the factors stated by the court:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).

The court's review of an ALJ's evaluation of alleged symptoms is deferential. Such evaluations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d

---

[4] Luna, Thompson, and Kepler, were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination."  Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529).  Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. App'x. 542, 546 (10th Cir. 2017).  Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on December 1, 2022, when this case was decided. Nonetheless, to the extent, and only to the extent, that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.

### C. Analysis

Plaintiff's claim the ALJ did not consider and determine whether Plaintiff established a pain-producing impairment and whether her pain was in fact disabling is without merit. As quoted above, the ALJ noted Plaintiff's testimony that RA keeps her from working because of pain and swelling in her joints and numerus other pain-producing activities and impairments. (R.22-23). Thereafter, he noted that he considered the evidence and found Plaintiff's medically determinable impairments could cause her alleged symptoms, but the medical and other evidence established that the symptoms are not as severe as alleged for the reasons explained in the decision. Id. 23. As noted above, he explained those reasons and they are supported by the record evidence. Id. 23-25.

While the ALJ never said, "I acknowledge the Plaintiff has pain," the decision is clear he found Plaintiff has pain, but he found it was not as severe as alleged. Plaintiff's argument the ALJ spent "most of his time discounting Plaintiff's allegation and disagreeing with the Plaintiff's testimony that her impairments render her unable to perform work at the Light exertional level" (Pl. Br. 5), is simply an attack on the ALJ's evaluation of the consistency between Plaintiff's alleged symptoms and the record evidence, both objective and subjective. (R. 22-25). As noted above, however, that is

10

precisely what 20 C.F.R. § 405.1529, SSR 16-3p, and <u>Brownrigg</u>, 688 Fed. App'x. at 546 require. It is not error.

Plaintiff's argument, that the ALJ's finding her allegations not supported by the record does not satisfy the articulation requirement, is also without merit. As the argument suggests, an ALJ must explain his rationale for discounting a claimant's allegations of symptoms. The ALJ here did so and his reasons are supported by the record evidence. Plaintiff does not demonstrate otherwise as her burden requires. Nor does she cite to record evidence which compels a contrary finding.

The court finds no error as alleged by Plaintiff.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated April 19, 2024, at Kansas City, Kansas.

<u>s:/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**
